**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

VIVEK SHAH
    Appellant,

      vs.

ROBINHOOD CREDIT, INC.
    Appellee.

9th Cir. Case No. 25-6713

District Court Case No.
2:25-cv-05902-FMO-AS

**APPELLANT'S INFORMAL OPENING BRIEF**

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1.    Timeliness of Appeal:

    a.  What is the date of the judgment or order that you want this court to review? October 21, 2025

    b.  Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: No

        • If you did, on what date did you file the motion? _____

        • For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

        • What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

    c.  What date did you file your notice of appeal? October 22, 2025

        • For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

9th Cir. Case No. 25-6713                                    Page 2

**FACTS.** Include all facts that the court needs to know to decide your case.

2.     What are the facts of your case?

On June 26, 2025, I filed a Verified Complaint against Defendant Robinhood Credit Inc. (Robinhood). The action arose because Robinhood abruptly terminated my Robinhood Gold Card credit account, which carried a $20,000 credit line.

The sole reason provided for this "adverse action," in a notice dated June 26, 2025, was the cryptic phrase: "Suspected fraud".

This termination resulted in the forfeiture of my earned property, specifically 17,821 vested rewards points. My Complaint asserted six causes of action: violation of the Equal Credit Opportunity Act (ECOA), violation of California consumer laws (UCL and CLRA), Breach of the Implied Covenant of Good Faith and Fair Dealing, the tort of Conversion, and a request for Declaratory Relief.

Separately, I filed a Corrected Motion to Compel a Rule 26(f) Conference and for Sanctions on July 21, 2025, detailing the Defendant's counsel's repeated and baseless refusal to participate in the mandatory initial discovery conference.

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3.     What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

I asked the District Court to: (1) grant damages and equitable relief for violations of the Equal Credit Opportunity Act, California's Unfair Competition Law, the Consumers Legal Remedies Act, Conversion, and Breach of the Implied Covenant of Good Faith and Fair Dealing; and (2) compel the Defendant to participate in a mandatory discovery conference under Rule 26(f).

9th Cir. Case No. 25-6713                                                      Page 3

On October 14, 2025, the District Court granted the Defendant's Motion to Dismiss and dismissed my Complaint with leave to amend. The court did not provide a statement of deficiencies for the Complaint as a whole. Instead, it broadly directed me to "carefully evaluate the contentions set forth in defendant's Motion," specifically pointing to three issues: the ECOA violation claim (15 U.S.C. § 1691(d)), the ECOA election of remedies provision (15 U.S.C. § 1691d(e)), and the economic loss rule. The court offered no reasoning or analysis regarding the remaining claims, such as Conversion or CLRA.

Motion to Compel Struck: The District Judge struck my Motion to Compel Rule 26(f) Conference (Document 11) from the record on August 1, 2025, stating it was "not a discovery motion." This ruling is blatantly false, as the motion directly concerned the mandatory initial discovery process.

4.    What legal claim or claims did you raise in the district court or at the BAP?

I filed suit on June 26, 2025, alleging that Robinhood violated the Equal Credit Opportunity Act (ECOA) by failing to provide a specific and principal reason for the adverse action, and committed the tort of Conversion by stealing my earned points. I also allege violations of California consumer protection laws (UCL/CLRA) and breach of the implied covenant of good faith. I sought the return of my points and compensation for the harm caused, in addition to equitable relief.

5.    **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

N/A

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6.    What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

9th Cir. Case No. 25-6713                                                    Page 4

Error in Dismissing Complaint: The District Court failed to provide a statement of deficiencies that would allow me to understand what was wrong with the complaint. That I should only "carefully evaluate" the Defendant's arguments does not help me whatsoever in drafting an amended complaint.

Error in Dismissing the ECOA Claim: More specifically, the District Court erred by dismissing the claim for violation of the Equal Credit Opportunity Act (ECOA). The reason given for the adverse action—"Suspected fraud"— is not a specific and principal reason as required by federal law. A vague statement that provides multiple alternative possibilities (i.e., whether I was the suspected fraudster or the victim) is inherently non-specific and defeats the statute's purpose of allowing an applicant to understand and correct their credit deficiencies.

Error in Failing to Address Remaining Claims: The court dismissed the entire Complaint but made no mention of the remaining claims in its Order. The court offered no reasons for the dismissal of the claims for Violation of the Consumers Legal Remedies Act (CLRA), Breach of the Implied Covenant of Good Faith and Fair Dealing, and the common law tort of Conversion of the 17,821 points, which must therefore be deemed errors.

Error in Striking the Motion to Compel: The court erred by striking my Motion to Compel/Motion for Sanctions. The motion was clearly a discovery motion to compel a mandatory Rule 26(f) conference, and the court's reason for striking it—"not a discovery motion"—is blatantly false. This demonstrates the District Court's rigid procedural analysis of a *pro se* litigant's filing, which constitutes harmless error in the context of the final judgment, but shows how absurd the District Court's rulings are.

7.   Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: Yes.

     If not, why not?

8.   What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

     Equal Credit Opportunity Act (ECOA): Federal law (15 U.S.C. § 1691(d) and its implementing regulation, 12 C.F.R. § 1002.9(b)(2)) requires a creditor to

9th Cir. Case No. 25-6713                                                Page 5

provide specific and principal reasons for an adverse action, which the court failed to apply correctly to the "Suspected fraud" reason.

Unlawful Business Practices (UCL): The dismissal of my related claim under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.) was in error, as its unlawful, unfair, and fraudulent prongs are directly tied to the underlying ECOA violation.

Consumers Legal Remedies Act (CLRA): The court erred by dismissing the CLRA claim, which relies on Cal. Civil Code § 1770(a)(19) (unconscionable contract provisions) and seeks injunctive relief under Cal. Civil Code § 1780(a).

Declaratory Relief: The court's dismissal of the request for a judicial declaration of the parties' rights and duties under the contract and applicable law is governed by 28 U.S.C. § 2201 and § 2202.

Conversion: The court erred by dismissing the common law tort of Conversion regarding the 17,821 rewards points, which are treated as property under relevant state law.

9.   **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

*Shah v. JPMorgan Chase Bank, N.A.*, No. 25-6333

**Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

*Shah v. Blueground US, Inc.*, No. 23−55799

Dated: November 28, 2025

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah

9th Cir. Case No. 25-6713                                         Page 6

1301 N Broadway Ste 32167
Los Angeles, CA 90012
newvivekshah@gmail.com
(224)246-2874